(Court of Appeal, Parish of Orleans.)

## STATE EX REL WIDOW JOSEPH REICHELT vs. T. C. W. ELLIS, JUDGE, ETC.

1. The refusal to grant an injunction *pendente lite* without bond is no bar to a second application for the issuance of such an injunction on bond.

2. The District Courts may be compelled by mandamus to grant an injunction *pendente lite* where the object of its issuance is to maintain the *status quo* and to prevent an alleged unauthorized act which would cause irreparable injury.

## APPLICATION FOR WRITS OF MANDAMUS, ETC., WRIT GRANTED.

Theo. Cotonio, for relator.

Carroll, Henderson & Carroll, for respondents.

GODCHAUX, J.—In the suit filed below on October 18, 1911, entitled "Widow Joseph Reichelt vs. St. Vincent de Paul Cemetery Association," the plaintiff, relator here, alleged substantially the following facts in her petition:

That her family owns valuts No. 32 and No. 98 in the cemetery of defendant; that she attempted and had the right to bury the body of her son, Emile J. Reichelt, in one of said vaults, but defendant, the said association, illegally prevented such burial, requiring and insisting that she should rent another vault.

That she was compelled to rent another vault and said association required her to pay under compulsion and duress the sum of $20.00 in advance.

That said association. subsequently notified her that unless she should, before October 21, 1911, pay the additional sum of $65.00, the remains of her son would be removed from said vault and cast away.

That the action of said association in refusing to bury the body of her son in either of said vaults, and in compelling her to rent another vault, and in requiring her to pay the additional sum of $65.00, and in threatening to remove the body of her son, are illegal and unauthorized and she will be irreparably damaged if the "threats" of said association were carried out.

That she has suffered damages to her feelings in the sum of $1000.00, and that she will be irreparably injured and damaged if the remains of her son should be removed, and said association should be restrained and prohibited from removing said remains.

And she prayed "that after due proceedings had and trial by jury" there be judgment forever enjoining and prohibiting the removal of the remains of her son and awarding her as damages, etc., the sum of $1020.00, with interest, costs, etc.

On October 20, upon the application of plaintiff, the lower Court ordered the defendant to show cause why an injunction **pendente lite** should not issue without bond prohibiting the threatened removal of the body during the suit. The rule was tried upon the plaintiff's pleadings and defendant's return, both supported by their respective affidavits, and the trial resulted in the Court's dismissing the application for an injunction. Thereafter, a new trial of the rule having been refused, the plaintiff in a supplemental petition alleged that defendant was persisting in its threats to remove the body pending the suit and again applied for an injunction **pendente lite** but this time **on bond being furnished.** The lower Court again rejected the application and thereupon the plain-

tiff filed the present application to this Court asking that the Judge **a quo** be ordered to grant the temporary injunction which she had sought in vain below.

It may be stated at the outset that the action of the Court in denying plaintiff's application for an injunction to issue without bond, was no bar to the subsequent application that an injunction issue on bond. But the correctness of the Court's judgment in refusing to issue the injunction without bond is not before us for review, for relatrix concedes that the facts disclosed in her pleadings did not entitle her to an injunction without bond. She insists, however, that she has clearly made out a case where the writ should have been issued on bond.

It is true that the defendant's return to the rule for an injunction, supported by its affidavit, shows such a state of facts which, if true, would not entitle plaintiff to the writ; but upon the other hand, the plaintiff likewise discloses by her sworn pleadings a condition of affairs which, if true, does entitle her to an injunction, for she shows that the defendant illegally and without authority is threatening to remove from its place of interment the body of her deceased son.

Until a trial upon the merits it is impossible to determine what are the true existing facts; and, meanwhile, until such trial, the effect of the issuance of the injunction would be simply to maintain the **status quo** and to prevent the commission of a threatened act which, if unauthorized, would entail upon plaintiff irreparable injury, that is an injury which is not compensable in money. Under these conditions it is proper for an injunction on bond to issue, particularly since, on defendant's own showing, the only inconvenience it will suffer by the issuance of an injunction will be the temporary deprivation of the use of its vault, and defendant will be fully protected from

any loss on this score by the injunction bond which plaintiff will furnish.

It is accordingly ordered, that the writ applied for by relatrix be granted and that the alternative writs issued herein be made peremptory, and that the Honorable T. C. W. Ellis, Judge of the Civil District Court for the Parish of Orleans, Division "A" be hereby ordered to grant to the relatrix, Widow Joseph Reichelt, plaintiff in the matter pending before him, entitled "Widow Joseph Reichelt vs. St. Vincent de Paul Cemetery Association, No. 98,467," of the docket of said Court, an injunction **pendente lite**, restraining the St. Vincent de Paul Cemetery Association, defendant in said cause, from removing the remains of Emile J. Reichelt, the deceased son of relatrix, from their present place of interment during the pendency of said suit, said injunction to issue upon the condition that the said relatrix shall furnish bond in an amount to be fixed by respondent Judge, sufficient to satisfy such damages as the defendant may sustain should it be decided that the injunction was wrongfully obtained, and conditioned as the law requires, respondent to pay the costs of these proceedings.

Application for writs of mandamus, etc.

Writ granted.

January 22, 1912.

### ON REHEARING.

GODCHAUX, J.—It appears that while the application for the writs was pending in this Court the cause was tried on the merits in the Court below and the trial resulted in the entry of a judgment dismissing plaintiff's suit. The judgment has not become final nor has it been

signed, as an application for a new trial is still undisposed of.

The present rehearing was granted because it was feared that these conditions might produce doubt and uncertainty as to the proper mode of carrying out the mandate of this Court. During the argument on the rehearing a suggestion, concurred in by counsel on both sides, was made that all difficulty could be averted by recasting our decree so that the preliminary injunction might be ordered granted and the bond executed and furnished, **nunc pro tunc** as of the filing of the supplemental petition wherein the injunction was prayed for, namely, December 7, 1911.

The suggestion meets the approval of the Court and it is therefore ordered that our former decree be amended so as to read as follows:

It is accordingly ordered that the writ applied for by relatrix be granted and that the alternative writs issued herein be made peremptory, and that the Honorable T. C. W. Ellis, Judge of the Civil District Court for the Parish of Orleans, Division ''A,'' be hereby ordered to grant, **nunc pro tunc** as of date December 7, 1911, to the relatrix, ''Widow Joseph Reichelt vs. St. Vincent de Paul Cemetery Association,'' No. 98,467 of the docket of said Court, an injunction **pendente lite**, that is, a preliminary or interlocutory injunction, restraining the St. Vincent de Paul Cemetery Association, defendant in said cause, from removing the remains of Emile J. Reichelt, the deceased son of relatrix from their present place of interment during the pendency of said suit, said injunction to issue upon condition that the said relatrix shall execute and furnish, **nunc pro tunc** as of date December 7, 1911, bond in an amount to be fixed by respondent Judge, sufficient to satisfy such damages as the defendant may sustain should it be decided that the injunction was

wrongfully obtained and conditioned as the law requires, respondent to pay the costs of these proceedings.

Previous decree amended.

April 1st, 1912.